# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEREE TRESCA,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL PAYMENTS CHECK SERVICES, INC.,<br><br>Defendant. | No. 2:17-cv-00084-TLN-KJN<br><br>**ORDER GRANTING MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFF** |

This matter is before the Court on Trinette G. Kent's Motion for Leave to Withdraw as Counsel for Plaintiff. (ECF No. 8.) Ms. Kent currently represents Plaintiff Sheree Tresca ("Plaintiff"). For the reasons set forth below, Ms. Kent's motion is hereby GRANTED.

Pursuant to Local Rule 182(d), an attorney who has appeared before the Court may not withdraw and leave the client *in propria persona* "without leave of court upon noticed motion and notice to client and all other parties who have appeared." The attorney must also provide an affidavit with the current or last known address of the client and his or her efforts to notify the client of the motion to withdraw. *Id.* The California Rules of Professional Conduct govern and set the requirements for withdrawal of attorneys. Rule 3-700(A) provides that an attorney shall not withdraw from employment in a proceeding unless (1) he or she requests permission from the tribunal to withdraw and (2) he or she "has taken reasonable steps to avoid reasonably foreseeable

1

prejudice to the rights of the client." Attorneys cannot request a withdrawal unless the client "by other conduct renders it unreasonably difficult for the [attorney] to carry out the employment effectively." CAL. RULES OF PROF'L CONDUCT R. 3-700(C). District courts also have sound discretion to decide whether to permit counsel to withdraw. *See La Grand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998).

Ms. Kent seeks to withdraw as counsel for Plaintiff on the grounds that Ms. Kent and her firm's staff have made a number of attempts to contact Plaintiff through telephone, email, text message, and letters within the past month, and Plaintiff has not responded. (ECF No. 8-1 at 2.) Plaintiff's telephone number and email no longer seem to be working. (ECF No. 8-1 at 2.) Plaintiff has made it "unreasonably difficult" for Ms. Kent to serve "effectively." In the instant motion, Ms. Kent has satisfied the requirements of Local Rule 182(d) and California Rules of Professional Conduct 3-700(A) and (C). Ms. Kent has filed the correct motion to withdraw. (ECF No. 8-1.) Additionally, she has provided the Court with Plaintiff's last known address, as well as documentation of her attempts to contact and notify Plaintiff of this motion. (ECF No. 8-1 at 2–3.)

Accordingly, the Court ORDERS as follows:

1. Ms. Kent's Motion for Leave to Withdraw as Counsel (ECF No. 8) is GRANTED; and
2. Plaintiff is ORDERED to SHOW CAUSE, in writing within thirty (30) days of this order, why this case should not be dismissed.

IT IS SO ORDERED.

Dated: October 3, 2017

Troy L. Nunley
United States District Judge